IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA MALIK COLEMAN, ) | |
|    Petitioner, ) | Civil Action No. 7:21cv00599 |
| ) | |
| v. ) | |
| ) | |
| KEVIN PUNTURI, Warden, ) | By: Michael F. Urbanski |
|    Respondent. ) | Chief United States District Judge |

**OPINION AND ORDER**

Joshua Malik Coleman, a Virginia inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction and sentence in Danville Circuit Court for several charges pursuant to a judgment order entered August 30, 2017. The petition was conditionally filed by the court on November 19, 2021, and a conditional filing order was entered on December 28, 2021, directing petitioner to sign the petition under penalty of perjury, as required by 28 U.S.C. § 2242, and advising Coleman that his petition appeared to be untimely. The order directed Coleman to respond with any additional argument or evidence on timeliness that he wished to submit and to return the signed petition within twenty (20) days. Coleman timely returned the signed petition, but he did not submit any additional evidence or argument regarding timeliness, after being given the opportunity to do. Hill v. Braxton, 277 F.3d 701, 706–07 (4th Cir. 2002). After full preliminary review of the petition and of state court records available online, pursuant to Rule 4 of the Rules Governing § 2254 Cases, the court concludes that the petition is untimely and will dismiss it sua sponte.

Coleman was tried and convicted by the court, without a jury, on June 23, 2017. Following preparation of a presentence report, the court held a sentencing hearing on August 29, 2017, and then sentenced Coleman to a total of 60 years in prison, with 47 years suspended. Judgment was entered on the sentence on August 30, 2017. His appeal to the Court of Appeals of Virginia was dismissed on May 8, 2018, and he did not pursue an appeal to the Supreme Court of Virginia. On August 29, 2019, he filed a petition for a writ of habeas corpus in the Supreme Court of Virginia, which was refused by order entered November 20, 2020. The § 2254 petition was conditionally filed in this court on November 19, 2021.

Under the Antiterrorism and Effective Death Penalty Act of 1996, a petitioner has a one-year period in which to file a federal habeas corpus petition. This statute of limitations runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Coleman's statute of limitations began to run June 7, 2018, when the time limit to appeal to the state supreme court expired (30 days after entry of the order dismissing his appeal on May 8, 2018). One year from June 7, 2018, expired on June 7, 2019, absent tolling of the statute of limitations.

Section 2244(d)(2) tolls the federal limitation period during the time in which "a properly filed application for State post-conviction or other collateral review . . . is pending." Id. Tolling is an interruption of the one-year period, a pause on the clock. McHoney v. South Carolina, 518 F. Supp. 2d 700, 703–04 (D.S.C. 2007). When the state post-conviction proceedings end, the clock picks up where it left off; it does not start over. Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000). Likewise, when the federal statute of limitations expires before a state habeas petition is filed, there is nothing left to toll. Jurado v. Burt, 337 F.3d 638, 641 (6th Cir. 2003); Ferguson v. Palmateer, 321 F.3d 1256, 1259 (9th Cir. 2003); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000); Watson v. Warden, No. 7:20cv00424, 2020 WL 5199282, slip op. at *4 (W.D. Va. Aug. 31, 2020); Williams v. Smith, No. 3:11cv578-HEH, 2012 WL 3985609, slip op. at *3 (E.D. Va. Sept. 11, 2012). Coleman's state petition was filed August 29, 2019, two months after his federal statute of limitations had run. This is because the state statute of limitations expires on the later of two dates: One year after expiration of the time for filing a direct appeal or two years after the date of judgment. Va. Code § 8.01-654 (version effective 2005 – 2019). Coleman obviously selected to use the date two years from the trial court judgment, because the other option expired on June 7, 2018, just as the federal statute of limitations did. Further, Coleman filed the state petition when

only one day was left on the statute of limitations. He did not file his federal petition until a full year after the denial of his state habeas petition (minus one day).

Because the statute of limitations for filing his § 2254 petition expired on June 7, 2018, his later-filed state petition had nothing left to toll. The § 2254 petition filed November 19, 2021, was more than three years too late. Coleman has not asked for equitable tolling of the statute, and the court cannot discern any reason from the record to do so. Accordingly, his petition is time-barred.

It is hereby **ORDERED** that Coleman's § 2254 petition is **DISMISSED** as time-barred, and this action is **STRICKEN** from the active docket of the court.

Further, finding that Coleman has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability is **DENIED.**

The Clerk shall send a copy of this opinion and order to Coleman.

**ENTER:** This 15th day of July, 2022.

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.07.15 17:07:12 -04'00'

_____
Michael F. Urbanski
Chief United States District Judge